**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4816**

———————

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

     v.

LISA EUGENIA WYKLE, a/k/a Lisa Wykle McCoy, a/k/a Lisa
Eugenia McCoy,

          Defendant – Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:09-cr-00025-MR-12)

———————

Submitted: April 4, 2011          Decided: May 6, 2011

———————

Before DAVIS and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, Asheville, North
Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lisa Eugenia Wykle appeals her sentence of 204 months in prison and ten years of supervised release after she pled guilty to conspiracy to possess with intent to distribute five hundred or more grams of methamphetamine in violation of 21 U.S.C. §§ 841, 846 (2006). Wykle's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in counsel's opinion, there are no meritorious grounds for appeal, but raising the issues of whether the district court imposed an unreasonable sentence on Wykle and whether we may review the denial of Wykle's motion for downward departure under U.S. Sentencing Guidelines Manual § 5H1.4 (2008). Wykle was notified of her right to file a pro se supplemental brief but has not done so. We dismiss the appeal in part, and we affirm the district court's judgment.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive

2

reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

In sentencing, the district court should first calculate the guideline range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The district court should then consider the relevant § 3553(a) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. Carter, 564 F.3d at 328, 330.

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Wykle's sentence is procedurally and substantively reasonable, and the district court did not abuse its discretion in sentencing her to

3

204 months in prison.  The district court properly determined her guideline sentence was the mandatory minimum sentence under the statute of 240 months, due to her prior conviction for a felony drug offense.  <u>See</u> 21 U.S.C. § 841(b)(1)(A) (2006).  The district court granted the Government's motion under 18 U.S.C. § 3553(e) (2006); USSG § 5K1.1 to reduce Wykle's sentence by fifteen percent based on her substantial assistance.

After hearing from the parties regarding Wykle's motion for downward departure due to physical condition, the district court denied the motion because there was insufficient evidence for the court to find there were grounds for either a departure under USSG § 5H1.4 or a variance.  The district court considered relevant § 3553(a) factors, reasonably determined that they supported a sentence of 204 months, and adequately explained its decision.  To the extent that Wykle challenges the district court's decision not to depart downward, this decision is not reviewable and we dismiss this portion of her appeal. <u>See</u> <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore dismiss the appeal in part, and we affirm the district court's judgment.  This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further

review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>